UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN B. HOLLINS, | ) | Case No. 05-CV-2131-WQH (JMA) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION OF** |
| | ) | **UNITED STATES MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| GUILLERMINA HALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**I.   Procedural Background**

On November 16, 2005, Petitioner John Hollins filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, styled as a "First Amended" petition. Respondent filed an Answer to the Petition, and Petitioner filed a Traverse. At the Court's request, on November 1, 2006, Respondent filed a Supplemental Notice of Lodgment completing the submission of the record in this case.

**II.   Factual Background**

While the underlying facts of Petitioner's case are not germane to an analysis of his claims, Respondent has summarized them as follows:

>On August 8, 1995, at approximately 10:00 p.m., Petitioner and Dana Myers, who had maintained a tumultuous 10-year relationship, began arguing. Myers left the room and Petitioner followed her and slapped her on the face. (Lodg. 7 at 2.)
>
>Myers retreated to the kitchen. When Petitioner followed her, Myers picked up a knife to defend herself. Petitioner went into the living room and retrieved a loaded gun. He returned to the kitchen and pointed the gun at Myers. Myers struck Petitioner's arm and was able to get out of the house through the front door. (Lodg. 7 at 2.)
>
>Myers attempted to re-enter the house to retrieve her purse which contained her keys. Petitioner attempted to close the door as Myers reached her arm through the door. Petitioner hit Myers' arm with the gun. As Myers continued to push on the door, the gun discharged. The bullet struck Myers in the left upper shoulder area. (Lodg. 7 at 3.)
>
>Petitioner was tried and convicted of assault with a deadly weapon with a true finding of a use of a weapon enhancement in San Diego County Superior Court. The court sentenced Petitioner to a term of four years for assault with a deadly weapon and to a consecutive term of 10 years for a use of a weapon allegation. (Lodg. 1.)

(Answer, Docket No. 11, at 1-2.)

### III. **Petitioner's Claims**

Petitioner challenges his sentence and contends:

1.  His "'sentence' has been illegally increased by [California Department of Corrections] in violation of the Fifth Amendment of the U.S. Constitution, Ex-Post Facto and Double Jeopardy principles, under the guise of 'Parole'" and

2.  "On February 13, 2003, [Unit Classification Committee] violated Petitioner's due process rights, Fifth Amendment of the U.S. Constitution and Ex-Post Facto principles by increasing placement points and level of custody."

(Petition, Docket No. 1, at 6 & 24.)

Because Petitioner's claims are meritless, the Petition

should be denied.

**IV.   Analysis**

    **A.   Standard of Review**

Federal habeas corpus relief is granted "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Mere errors of state law are not cognizable in federal habeas corpus proceedings. Id.; Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Pulley v. Harris, 465 U.S. 37, 41 (1984).

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern this petition. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prohibits a federal court from granting a petition of a state prisoner whose claims were adjudicated on the merits in state court, unless the federal court first finds that the state court decision was contrary to clearly established Supreme Court law, or involved an unreasonable application of the facts to such law. 28 U.S.C. §2254(d). The Supreme Court has defined these terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2000). The Supreme Court has also stated that:

> …[A]n <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law. …Under §2254(d)(1)'s "unreasonable application" clause, …a federal habeas court may not issue the writ simply

>       because that court concludes in its independent
>       judgment that the relevant state-court decision applied
>       clearly established federal law erroneously or
>       incorrectly.  Rather, that application must also be
>       unreasonable.

Id. at 410-411 (emphasis in original).  See also Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

**C.   Petitioner's term of parole will not illegally increase his sentence under state law.**

On December 7, 1995, Petitioner was sentenced in San Diego Superior Court to 14 years in prison, which Petitioner contends is the maximum allowable sentence under California law for his conviction.  (Lodg. 1.)  Petitioner claims that any term of parole in his case must be included in that 14-year period.  In other words, Petitioner contends, in essence, that if he serves 12 years in prison, he may serve a maximum of two years on parole.  Likewise, Petitioner contends that if he serves all 14 years of his sentence in prison, he may not be placed on parole. Under California law, as interpreted by the California courts, Petitioner is mistaken and, consequently, his claim is meritless.

The Supreme Court of California denied Hollins' petition for writ of habeas corpus without opinion on April 13, 2005.  (Lodg. 6.)  Thus, this court must "look through" to the California Court of Appeal's decision as the basis for its analysis.  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  In denying his claim on March 19, 2004, the California Court of Appeal stated:

>       Hollins ... complains his current 14-year
>       term of imprisonment will be illegally
>       increased by a period of parole he will be
>       required to serve upon his release from
>       prison.  "[U]nder the present law the prison
>       'term' is the actual time served in prison
>       *before* release on parole, and the day of
>       release on parole marks the *end* of the prison

>  term." (*People v. Jefferson* (1999) 21
>  Cal.4th 86, 95.)  Parole is simply a variable
>  period of supervision after the end of the
>  term.  (*Ibid.*)

(Supp. Lodg. 4 at 2.)

Generally, matters relating to sentencing are governed by state law and do not implicate federal constitutional issues. Federal habeas corpus relief is granted "only on the ground that [the state prisoner] is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  Mere errors of state law are not cognizable in federal habeas corpus proceedings.  Estelle v. McGuire, supra, 502 U.S. at 67-68; Pulley v. Harris, supra, 465 U.S. at 41. Moreover, this court defers to and is bound by a state court's interpretation of its own laws.  Wainwright v. Goode, 464 U.S. 78, 84 (1983).

Petitioner has made no showing that a term of parole will violate the Fifth Amendment, the Ex Post Facto Clause, or the prohibition against double jeopardy.  Petitioner cannot show that the California Court of Appeal's decision was contrary to or an unreasonable application of federal law because the court's decision rested on its interpretation of California law on an issue governed exclusively by California law.  The Court of Appeal explained that, as defined and governed by California law, parole is a period of supervision *exclusive* of the prison term served by a convicted person.  In other words, a term of parole in California is *not* considered part of the sentence of imprisonment.  Thus, any parole term Petitioner serves will not illegally increase his sentence.  This Court defers to the

California courts' interpretation of California law and should do so in this case.

Petitioner's claim was adjudicated on the merits in state court, and Petitioner has made no showing that the state court's decision violated federal law. Accordingly, this Court should deny the claim.

**D.  The Unit Classification Committee's increasing of Petitioner's "placement points and level of custody" did not violate federal law.**

Petitioner contends that the Unit Classification Committee at his place of incarceration did not possess the authority to designate Petitioner with a "violence exclusion" or raise his custody to "Level Two." He contends that the increased placement level precluded him from consideration for a minimum security classification and participation in work furlough, early release, and college and social service programs. (Petition, Docket No. 1, at 24.) Again, because the rules governing inmate classification are exclusively set forth in California law, this Court should defer to the California courts' interpretation of those rules and regulations.

The Supreme Court of California denied Hollins' petition for writ of habeas corpus without opinion on April 13, 2005. (Lodg. 6.) Thus, this court must "look through" to the California Court of Appeal's decision as the basis for its analysis. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-06 (1991). In denying his claim on March 19, 2004, the California Court of Appeal stated:

> John Bradley Hollins challenges his inmate classification at the California Rehabilitation Center. He claims prison authorities improperly raised his classification from Level One to Level Two which

> subjects him to a harsher level of security and limits his participation in training and other programs.
>
> The responsibility for the care, custody, treatment, training, discipline and employment of state prisoners is vested in the Director of Corrections. (Pen. Code, § 5054.) The Director may prescribe and amend rules and regulations for the administration of the prisoners. (Pen. Code, § 5058, subd. (a).) Departmental officials may impose an "administrative determinant" to override the placement of an inmate at a facility according to his or her placement score. (Cal. Code Regs., tit. 15, § 3375.2, subd. (b); all regulatory references are to the California Code of Regulations.) An inmate with a "current or prior conviction for a violent felony, or a sustained juvenile adjudication including, but not limited to, those listed under Penal Code section 667.5(c)" may receive a "violence" determinant increasing his or her level of security. (§ 3375.2, subd. (b)(25).)
>
> The record shows the classification committee determined Hollins met the criteria for violence exclusion based on his convictions for voluntary manslaughter in 1988 and assault with a firearm in 1995. His violence classification was not improper.

(Supp. Lodg. 4 at 1.)

Petitioner has made no showing that the state's increase of Petitioner's placement points and custody level violated his federal due process rights, the Fifth Amendment, or the Ex Post Facto Clause. The decision by the California Court of Appeal indicates that the court thoughtfully reviewed the record in Petitioner's case and found that, under California's rules and regulations regarding inmate classification, the state acted properly in changing Petitioner's classification.

Petitioner's claim was adjudicated on the merits in state court, and Petitioner has made no showing that the state court's decision violated federal law. Accordingly, this Court should deny the claim.

//

## V. Recommendation

After a thorough review of the record in this matter, the undersigned Magistrate Judge finds that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards. Therefore, this Court hereby recommends that the petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable William Q. Hayes, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **January 5, 2007**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed no later than **January 19, 2007**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: December 4, 2006

Jan M. Adler
U.S. Magistrate Judge