1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JOHN B. HOLLINS,

CASE NO. 05-CV-2131-WQH (JMA)

12

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION

13

vs.

GUILLERMINA HALL,

14

Defendant.

15

HAYES, Judge:

16

The matter before the Court is the review of the Report and Recommendation of Magistrate

17

Judge Jan M. Adler, filed on December 4, 2006, recommending that Petitioner's Writ of Habeas

18

Corpus should be denied with prejudice.

19

**BACKGROUND**

20

On November 16, 2005, Petitioner John Hollins filed a Petition for Writ of Habeas Corpus

21

by a Person in State Custody pursuant to 28 U.S.C. § challenging his sentence on the following

22

two grounds: 1)  his sentence has been illegally increased by California Department of Corrections

23

in violation of the Fifth Amendment of the U.S. Constitution, Ex Post Facto and Double Jeopardy

24

principles, under the guise of parole and 2) that his due process rights and Fifth Amendment rights

25

as well as Ex-Post Facto principles were violated when the Unit Classification Committee

26

increased his placement points and level of custody.  Respondent filed an Answer to the Petition,

27

and Petitioner filed a Traverse.

28

In a Report and Recommendation filed on December 4, 2006, Magistrate Judge Jan M.

1   Adler concluded that Petitioner had not shown that he is entitled to federal habeas relief and

2   recommended that this Court deny the Petition with prejudice. (Report and Recommendation at 8.)

3   The Magistrate Judge concluded that Petitioner made no showing that a term of parole illegally

4   increased his sentence under state law, or that the increase of Petitioner's placement points and

5   level of custody by the Unit Classification Committee violated federal law.

6       On January 4, 2007, Petitioner filed objections to the Report and Recommendation.

7   Petitioner continued to assert that parole as part of his sentence illegally extended the maximum

8   term of his imprisonment.  Petitioner further contends that his level of custody and placement

9   points is now moot because he is now falsely imprisoned.

10                          **STANDARD OF REVIEW**

11      The duties of the District Court in connection with a Magistrate Judge's Report and

12  Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C.

13  § 636(b)(1).  The District Court "shall make a de novo determination of those portions of the

14  report to which objection is made," and "may accept, reject, or modify, in whole or in part, the

15  findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c).

16                              **DISCUSSION**

17      The Court has reviewed de novo the Report and Recommendation filed on December 4,

18  2006 by Magistrate Judge Adler.  The Magistrate Judge correctly stated that federal habeas corpus

19  relief is granted "only on the ground that [the state prisoner] is in custody in violation of the

20  Constitution or law or treaties of the United States.  28 U.S.C. § 2254(a)."  Report and

21  Recommendation at 3. ( internal quotation omitted).  "[I]t is not the province of a federal habeas

22  court to reexamine state-court determinations on state-law questions.  In conducting habeas

23  review, a federal court is limited to deciding whether a conviction violated the Constitution, laws,

24  or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  The Antiterrorism

25  and Effective Death Penalty Act of 1996 prohibits a federal court from granting a petition of a

26  state prisoner whose claims were adjudicated on the merits in state court, unless the federal court

27  first finds that the state court decision was contrary to clearly established Supreme Court law, or

28  involved an unreasonable application of the facts to such law. *See* 28 U.S.C. § 2254(d).

The Magistrate Judge correctly concluded that Petitioner has made no showing that his term of parole will violate the Fifth Amendment, the Ex Post Facto Clause, or the prohibition against double jeopardy and correctly determined that Petitioner has not shown that the California Court of Appeal's decision denying his Petition for Writ of Habeas Corpus was contrary to or an unreasonable application of federal law.   As the California Court of Appeal, parole is a period of supervision exclusive of the prison term served by a convicted person under California law. (Supplemental Notice of Lodgment, Lodgment 4 at 2.)

Petitioner has made no showing that the increase of Petitioner's placement points and custody level violated his due process rights, the Fifth Amendment of the Constitution, or the Ex Post Facto Clause.  The Magistrate Judge correctly concluded that the rules governing inmate classification are exclusively set forth in California law; that Petitioner's claim was adjudicated on the merits in state court; and that Petitioner made no showing that the state court's decision violated federal law.  (Report and Recommendation at 7.)

The Court finds that the Magistrate Judge correctly concluded that has not shown that he is entitled to federal habeas relief under the applicable legal standards.   After de novo review, this Court adopts the Report and Recommendation in its entirety.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is adopted in its entirety. The petition for habeas corpus is denied with prejudice.  The Clerk of the Court shall enter judgment in favor of Respondent.

DATED:  May 16, 2007

**WILLIAM Q. HAYES**
United States District Judge